# Exhibit 1

Case 4:26-cv-00051 Document 1-1 Filed on 01/05/26 in TXSD Page 2 of 9

P.7

Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)

O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)

O'Connor's Texas Civil Forms

Chapter 2. Plaintiff's Lawsuit

Plaintiff's Original Petition

2024  89961  crt 125

12-31-24
**FILED**
Marilyn Burgess
District Clerk
DEC 31 2024
Time: 12:32 PM
Harris County, Texas
By Joshua Hall
Deputy

Form 2B:1. Petition—General form

Correlation Table
PLAINTIFF'S ORIGINAL PETITION {STATE *ADDITIONAL RELIEF REQUESTED IF APPROPRIATE*}

Plaintiff, {Joshua *Alexander Ross*}, files this original petition {Restitution *payment for harassment and defamation of character and unlawful arrest*} against defendant, {Houston *Police Department*}, and alleges as follows:

**DISCOVERY-CONTROL PLAN**

{CHOOSE *APPROPRIATE PARAGRAPH 1*}

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rule of Civil Procedure 190.2 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169. { *See "Discovery-control plans,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 2 (2024 ed.).}

1. Plaintiff intends to conduct discovery under Level { *2/3*} of Texas Rule of Civil Procedure { 190.3/190.4} and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because { *explain, e.g., plaintiff requests injunctive relief, plaintiff seeks monetary relief over $250,000*}. { *See "Discovery-control plans,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 2 (2024 ed.). *For a motion to request a Level 3 discovery-control plan, see* FORM 6A:6.}

**CLAIM FOR RELIEF**

{ *CHOOSE APPROPRIATE PARAGRAPH 2*}

2. Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. { Tex. R. Civ. P. 47(c)(1).}

2. Plaintiff seeks monetary relief of $250,000 or less and nonmonetary relief. { Tex. R. Civ. P. 47(c)(2).}

2. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. { Tex. R. Civ. P. 47(c)(3).}

2. Plaintiff seeks monetary relief over $1,000,000. The Plaintiff is seeking Monetary Relief over $1,000,000 for pain and suffering, unnecessary harassment, and Racial Harassment and Racial Profiling. { Tex. R. Civ. P. 47(c)(4).}

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

2. Plaintiff seeks only nonmonetary relief. { Tex. R. Civ. P. 47(c)(5).}

**PARTIES**

3. { *For plaintiff designation, see* FORM 2B:9; *"Plaintiff,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 4.4 (2024 ed.).}

4. { *For defendant designation, see* FORMS 2B:10 to 2B:19; *"Defendant,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 4.5 (2024 ed.).}

**JURISDICTION**

5. { *For jurisdiction allegations, see* FORM 2B:20. *It is not necessary to plead jurisdiction for most suits. See "Jurisdiction,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 5 (2024 ed.).}

**VENUE**

6. { *For venue allegations, see* FORM 2B:21. *It is not necessary to plead venue, but pleading sufficient venue facts could avoid a motion to transfer venue. See "Venue,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 6 (2024 ed.).}

**FACTS**

7. On {September *13,2022*}, at {Trinity *Lutheran Church Parking Lot*}, {Harris} County, Texas, {This is a very serious matter. My iPhone had everything on that phone from my work information to very important photos and very imperative information on that day, I was going to the Houston Municipal Courts to turn in Community Service Completion paperwork for a small ticket. Officer Nguyen came out his office with handcuffs and approach me for no reason after I listened to what he said, I moved my car to the Guest Parking lot of the Trinity Lutheran Church. After I left my Community Service forms, I went back to my car and it was five police cars coming towards me for no reason. I got slammed on the ground and it was five officers holding down in a choke hold and one had his foot on my neck, I could have died I haven't been so scared and humiliated in my life since that day. Once they picked me up and detained me, I have no felonies, no warrants and got a false charge and the police said they was not going to tow my car and they did. I got out on September 14 my car was gone and I turned in my Community Service information to the cashier and paid 370 dollars to get my car out the Lockwood Storage Shop}.

8. { *State other relevant facts in separately numbered paragraphs.*} { *See "Pleading a cause of action,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 7 (2024 ed.).}

**COUNT 1—**{ *NAME OF FIRST CAUSE OF ACTION*}

9. { *In separately numbered paragraphs, identify elements and facts supporting a cause of action. For lists of elements for various causes of action, see "Causes of Action,"* **O'Connor's Texas Causes of Action**, Part 2 (2024 ed.).}
{ *ADD APPROPRIATE PARAGRAPH 10*}

Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)

10. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court. { *See* Tex. R. Civ. P. 47(b); *"Damages,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 9 (2024 ed.).}

10. Plaintiff seeks liquidated damages in the amount of at least ${ *amount*} , which is within the jurisdictional limits of this Court. { *See* Tex. R. Civ. P. 47(b); *"Damages,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 9 (2024 ed.).}

{ *ADD PARAGRAPHS 11-12 IF APPLICABLE*}

11. Exemplary damages. Plaintiff's injury resulted from defendant's gross negligence, malice, or fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). { *Elaborate.*}  { *See "Exemplary Damages,"* **O'Connor's Texas Causes of Action**, ch. 42-A, § 1 et seq. (2024 ed.); *"Types of aggravated conduct,"* **O'Connor's Texas Causes of Action**, ch. 42-B, § 5 (2024 ed.); **O'Connor's Texas Causes of Action Pleadings**, FORMS 42B:1 et seq. (2024 ed.).}

12. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under { *identify statute, contract provision, or equitable grounds permitting recovery of attorney fees*} . { *Elaborate.*}   { *See* FORMS 2B:22 to 2B:24; *"Attorney Fees,"* **O'Connor's Texas Causes of Action**, ch. 45-A, § 1 et seq. (2024 ed.).}

{ *ADD PARAGRAPHS 13-17 AS APPROPRIATE*}

**COUNT 2—{** *NAME OF ANOTHER CAUSE OF ACTION***}**

13. In {the *month of September on the 13 day of 2022*} to other counts, plaintiff sues defendant for {harassment and unjustifiable punishment.}. {Even though the arrest lawful it was an unlawful procedure regarding personal property, as a cell phone wallet and car and house keys. At the time of the arrest my iPhone 12 max was a very soughtful item and I believe Houston Police Department stole it because it wasn't in my personal property when I got out of jail. It costs me 700 dollars in which the Texas Law any item stolen over 500 dollars is considered a felony. This is a very serious matter. My iPhone had everything on that phone from my work information to very important photos and very imperative information on that day, I was going to the Houston Municipal Courts to turn in Community Service Completion paperwork for a small ticket. Officer Nguyen came out his office with handcuffs and approach me for no reason after I listened to what he said, I moved my car to the Guest Parking lot of the Trinity Lutheran Church. After I left my Community Service forms, I went back to my car and it was five police cars coming towards me for no reason. I got slammed on the ground and it was five officers holding down in a choke hold and one had his foot on my neck, I could have died I haven't been so scared and humiliated in my life since that day. Once they picked me up and detained me, I have no felonies, no warrants and got a false charge and the police said they was not going to tow my car and they did. *I got out on September 14 my car was gone and I turned in my Community Service information to the cashier and paid 370 dollars to get my car out the Lockwood Storage Shop.*}

**EQUITABLE RELIEF**

14. Plaintiff seeks {identify *equitable relief sought*}. { *State facts supporting equitable relief.*}   { *See* FORM 2D:1; *"Injunctive Relief,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-D, § 1 et seq. (2024 ed.).}

**JURY DEMAND**

15. Plaintiff demands a jury trial and tenders the appropriate fee with this petition. { *See "Request for Jury Trial,"*

**WESTLAW**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                              3

For Official Governmental Use Only - Do Not Disseminate to the Public: 118222416 - Page 3 of 7

Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)

O'Connor's Texas Rules * Civil Trials, ch. 5-B, § 1 et seq. (2024 ed.).}

**CONDITIONS PRECEDENT**

16. All conditions precedent to plaintiff's claim for relief have been performed or have occurred. { *See "Conditions precedent,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 12 (2024 ed.).}

**OBJECTION TO ASSOCIATE JUDGE**

17. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial. { *See "Objection to referral,"* **O'Connor's Texas Rules * Civil Trials**, ch. 1-J, § 3.3 (2024 ed.).}

**PRAYER**

18. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

{ *CHOOSE RELIEF SOUGHT*}

a. Actual damages. { *See "Pleading actual damages,"* **O'Connor's Texas Causes of Action**, ch. 41-A, § 3.2 (2024 ed.).}

b. {I am seeking over $1,000,000 worth of Equitable Relief. Applies *to Damages to my Character and Pain and Suffering and also lost wages for missing work and unnecessary tow fees and my stolen personal property from the Houston Police Department.*}

c. Exemplary damages. { *See "Exemplary Damages,"* **O'Connor's Texas Causes of Action**, ch. 42-A, § 1 et seq. (2024 ed.).}

d. Prejudgment and post judgment interest. { *See "Interest,"* **O'Connor's Texas Causes of Action**, ch. 43, § 1 et seq. (2024 ed.).}

e. Court costs. { *See "Court Costs,"* **O'Connor's Texas Causes of Action**, ch. 44, § 1 et seq. (2024 ed.).}

f. Attorney fees. { *See "Attorney Fees,"* **O'Connor's Texas Causes of Action**, ch. 45-A, § 1 et seq. (2024 ed.).}

g. All other relief to which plaintiff is entitled. { *See "Prayer,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 15 (2024 ed.).}

**Notes**

See

Tex. R. Civ. P. 45 to 59, 78 to 82, 169, 190

Tex. Civ. Prac. & Rem. Code § 41.003

For Official Governmental Use Only - Do Not Disseminate to the Public: 118222416 - Page 4 of 7

Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)

---

"Plaintiff's Original Petition," **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 1 et seq. (2024 ed.)

"Damages & Other Compensation," **O'Connor's Texas Causes of Action**, Part 4 (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORMS 41B:1 et seq. (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORMS 42B:1 et seq. (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORM 43:1 (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORM 44:1 (2024 ed.)

**O'Connor's Texas Causes of Action Pleadings**, FORMS 45B:1 et seq. (2024 ed.)

**Add**

STYLE OF THE CASE—FORM 1B:2

SIGNATURE BLOCK—FORM 1B:3

VERIFICATION—FORM 1B:7, for injunctive relief

**Attach**

AFFIDAVIT—FORM 1B:8, if necessary to support facts for injunctive relief

NOTICE OF CURRENT/CHANGE OF ADDRESS—FORM 1B:14

Civil Process Request Form, if required by court clerk to issue citation

Exhibits, if necessary

Filing fees

Jury fee, if jury trial requested

**Note**

Many suits filed in district and county courts may be governed by the expedited-actions process outlined in Texas Rule of Civil Procedure 169. Tex.Sup.Ct. Order, Misc. Docket No. 13-9022 (eff. Mar. 1, 2013); *see* Tex. R. Civ. P. 169(a). See "Expedited Actions," **O'Connor's Texas Rules * Civil Trials**, ch. 2-C, § 1 et seq. (2024 ed.). A plaintiff filing a suit that meets the requirements for an expedited action must conduct discovery under Level 1. *See* Tex. R. Civ. P. 169(d)(1), 190.2(a)(1). See "Level 1," **O'Connor's Texas Rules * Civil Trials**, ch. 6-A, § 7.2 (2024 ed.). Parties must plead into or out

For Official Governmental Use Only - Do Not Disseminate to the Public: 118222416 - Page 5 of 7

Form 2B:1. Petition—General form, O'Connor's Texas Civil Forms Form 2B:1 (2024 ed.)

of the expedited-actions process. Tex. R. Civ. P. 47(c) & cmt. (2013).

All original pleadings that set forth a claim for relief—whether an original petition, a counterclaim, a cross-claim, or a third-party claim—generally must contain a specific statement of the relief the party seeks. *See* Tex. R. Civ. P. 47(c). This requirement does not apply, however, to guardianship or probate proceedings, suits governed by the Family Code, or suits filed in justice court. See "Relief sought," **O'Connor's Texas Rules * Civil Trials**, ch. 1-B, § 3.2.8 (2024 ed.).

When one plaintiff asserts multiple claims against a single defendant, jurisdiction is determined by adding the amounts together. **Texas City Tire Shop, Inc. v. Alexander**, 333 S.W.2d 690, 693 (Tex.App.—Houston 1960, no writ).

E-filing is mandatory for most courts in all counties. *See* Tex.Sup.Ct. Order, Misc. Docket No. 13-9164 (Dec. 9, 2013). See "E-filing," **O'Connor's Texas Rules * Civil Trials**, ch. 1-C, § 4.1.1 (2024 ed.).

Whether e-filing or not, a party may have to redact certain sensitive data from a document before filing. *See* Tex. R. Civ. P. 21c. See "Documents with sensitive data—privacy protection," **O'Connor's Texas Rules * Civil Trials**, ch. 1-C, § 4.2 (2024 ed.).

Before a court clerk will issue a citation for service, the plaintiff may be required to complete and file with its petition a Civil Process Request Form identifying the person to be served and the method of service. Check the court's website for specific requirements and to obtain a copy of the form.

In cases not governed by the Family Code, a party is generally required to make disclosures of certain information without waiting for a discovery request from the other party. *See* Tex. R. Civ. P. 194.1(a). See "Required Disclosures," **O'Connor's Texas Rules * Civil Trials**, ch. 6-E, § 1 et seq. (2024 ed.). Thus, a request for disclosure should not be included as part of the original petition in these cases. But in cases that are governed by the Family Code, a request for disclosure is an available discovery method and can be included in the petition. *See* Tex. R. Civ. P. 194a.1; *see also* Tex.Sup.Ct. Order, Misc. Docket No. 23-9092 (Nov. 17, 2023) (TRCP 194a applies to actions filed on or after September 1, 2023).

In 2023, the Legislature enacted Texas Government Code chapter 25A, creating a specialty court with responsibility for resolving complex business disputes. *See* H.B. 19, 88th Leg., R.S., eff. Sept. 1, 2023; Senate Cmte. on Jurisprudence, Bill Analysis, Tex. H.B. 19, 88th Leg., R.S. (2023). In 2024, the Texas Supreme Court preliminarily approved the enactment of Texas Rules of Civil Procedure 352 to 359 to govern proceedings in the business court. Tex.Sup.Ct. Order, Misc. Docket No. 24-9004 (Feb. 6, 2024). Under new Texas Rule of Civil Procedure 354, an original petition filed in the business court must, in addition to other pleading requirements, plead facts to establish the business court's authority to hear the action and facts to establish venue in a county in an operating division of the business court. Tex.Sup.Ct. Order, Misc. Docket No. 24-9004 (Feb. 6, 2024); *see also* Tex. Gov't Code § 25A.004 (business court's jurisdiction). The rules may change based on public comments received by May 1, 2024, and are expected to take effect on September 1, 2024, when the business court is created. *See* Tex.Sup.Ct. Order, Misc. Docket No. 24-9004 (Feb. 6, 2024). As of this book's publication date, no final order has been issued. Check the Supreme Court's website at www.txcourts.gov/supreme for the final order on these rules.

---

Westlaw. © 2024 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

For Official Governmental Use Only - Do Not Disseminate to the Public: 118222416 - Page 6 of 7

Joshua Ross
18435 Yellowstone Trail
Humble, Texas 77346
713-822-1390
JoshuaRoss760@gmail.com

For Official Governmental Use Only - Do Not Disseminate to the Public: 118222416 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 11, 2025

Certified Document Number:        118222416 Total Pages:  7

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**